# In the United States District Court
# For the Southern District of Georgia
# Waycross Division

MARK ELDON CREWS,

      Movant,

   v.

UNITED STATES OF AMERICA,

      Respondent.

CIVIL ACTION NO.: 5:16-cv-68

(Case No.: 5:10-cr-27)

## ORDER

After an independent and *de novo* review of the entire record, the undersigned concurs with the Magistrate Judge's February 1, 2018, Report and Recommendation, dkt. no. 115, to which Movant Mark Eldon Crews ("Crews") filed Objections, dkt. no. 121.[1] The Court **OVERRULES** Crews' Objections and **ADOPTS** the Magistrate Judge's Report and Recommendation, as supplemented herein, as the opinion of the Court. Crews' claims do not satisfy the requirements of 28 U.S.C. § 2255(h). Therefore, the Court **DISMISSES** Crews' second 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct his Sentence, dkt. no. 106, for lack of jurisdiction. Alternatively, the Court **DENIES** Crews' second

---

[1] The pertinent record documents in this case are filed on the docket of Crews' criminal case, <u>United States v. Crews</u>, 5:10-cr-27 (S.D. Ga. Dec. 8, 2010), and many are not included in Crews' civil docket. Thus, for ease of reference and consistency, the Court cites to Crews' criminal docket in this Order.

Section 2255 Motion on the merits. The Court **DIRECTS** the Clerk of Court to **CLOSE** this case and to enter the appropriate judgment of dismissal. The Court **DENIES** Crews *in forma pauperis* status on appeal and **DENIES** him a Certificate of Appealability.

## BACKGROUND

The Magistrate Judge thoroughly described the procedural and factual background of this matter, including Crews' conviction and sentencing, his direct appeal, his prior Section 2255 motion, his Section 2255(h) application, and his instant Section 2255 Motion. Dkt. No. 115, pp. 8-20. Ultimately, the Magistrate Judge determined that the Court did not rely upon the residual clause of the Armed Career Criminal Act ("ACCA") during Crews' sentencing and, therefore, found that Crews' sentence remains lawful following the United States Supreme Court's decision in Johnson v. United States, ___ U.S. ___, 135 S. Ct. 2551 (June 26, 2015). Id. at pp. 23-35.

Having reviewed the entire record in this case, the Court finds that the Magistrate Judge accurately described the history of this case and correctly analyzed Crews' claims. Therefore, the Court need not restate the background of this case or repeat the Magistrate Judge's discussion. However, the Court will address each of Crews' Objections.

AO 72A
(Rev. 8/82)

**DISCUSSION**

**I.  Crews' First Objection**

Crews first objects that, in the April 15, 2014, Report and Recommendation regarding his first Section 2255 motion, Magistrate Judge James E. Graham stated that, "'Crews received a sentence of 15 years' imprisonment pursuant to the ACCA based on his two (2) prior convictions for burglary under Georgia law and a prior conviction for burglary under Florida law.'"  Dkt. No. 121, p. 2 (quoting Dkt. No. 65, pp. 3-4).  Therefore, Crews contends that there are only three potential predicate convictions for his ACCA sentence.  Id.  He also argues that his conviction for burglary under Florida law cannot qualify as an ACCA predicate offense under the Eleventh Circuit Court of Appeals' decision in United States v. Esprit, 841 F.3d 1235 (11th Cir. 2016).  This Objection is unavailing for several reasons.

As Magistrate Judge R. Stan Baker laid out at length in the February 1, 2018, Report and Recommendation, the Court actually considered ten predicate convictions (seven convictions for burglary and three convictions for attempted burglary) at Crews' sentencing.  Dkt. No. 115, pp. 8-13, 28-29.  Only one of those convictions occurred in Florida.  Id. at p. 8; see also Dkt. No. 1; Presentence Investigation Report ("PSI"), ¶¶ 27-30.  The record of Crews' convictions and sentencing in this Court makes

abundantly clear that the Court considered all ten of his prior
burglary convictions as qualifying predicate offenses for ACCA
purposes.  For example, the Indictment listed all of Crews'
prior convictions, including his nine Georgia convictions for
burglary or attempted burglary and his one Florida conviction
for burglary.  Dkt. No. 1.  The Probation Officer detailed all
of Crews' convictions in the PSI and explained that Crews "has
been convicted of seven separate burglary offenses and three
separate attempted burglary offenses."  PSI, ¶¶ 20, 27-30.  In
response to Crews' objections to the PSI, the Probation Officer
explained how each of Crews' six prior Georgia burglary
convictions qualified as an ACCA predicate.  Addendum to PSI,
p. 5.

    At Crews' sentencing hearing, the Court concurred with and
adopted the findings contained in the PSI and its Addendum.
Dkt. No. 49, p. 28.  When discussing Crews' ACCA status, the
Court stated, "There are ten to choose from when we are talking
about burglary in Mr. Crews' case.  There are seven actual
burglary convictions and three attempted burglary convictions."
Id. at p. 23.  The Court then confirmed, via colloquy with the
Probation Officer, that each of those ten convictions met the
definition of "burglary" under the ACCA.  Id. at pp. 23-25.
Even Crews himself acknowledged his extensive list of Georgia
burglaries when addressing the Court during his sentencing

hearing.  Id. at pp. 29-30 ("[I]n my PSI where it states I did
the four burglaries on the storages and cut the holes in them
and three attempts, I did that within a two-month period of
time, and I went and done [sic] my time, and I come [sic]
home.").

In light of this unequivocal record, Crews cannot credibly
argue that the Court based his ACCA designation on only his one
Florida burglary conviction and two of his Georgia burglary
convictions.  Crews is correct that Magistrate Judge Graham only
analyzed two of Crews' prior Georgia burglary convictions in the
Report and Recommendation on Crews' first Section 2255 motion.
Dkt. No. 65.  However, Judge Graham in no way concluded that
Crews' other burglary and attempted burglary convictions did not
qualify as ACCA predicates.  Rather, having found three
convictions that qualified as ACCA predicates at that time,
Magistrate Judge Graham did not need to conduct any analysis of
Crews' other convictions to recommend that the Court deny Crews'
first Section 2255 motion.  Moreover, in response to Crews'
first Section 2255 motion, the Government never limited Crews'
ACCA predicates to two Georgia burglary convictions and one
Florida conviction.  Rather, the Government maintained that all
of Crews' burglary convictions supported his ACCA designation.
Dkt. No. 64, p. 2 ("Crews qualified under [18 U.S.C.] § 924(e)
as an armed career criminal due to his ten prior convictions for

burglarizing or attempting to burglarize various businesses."). Put simply, regardless of whether Crews' Florida conviction qualifies as an ACCA predicate offense, he has more than enough Georgia burglary convictions to support his armed career criminal designation.

Moreover, even if Crews' predicate convictions were limited to two Georgia convictions and one Florida conviction, he has not raised a valid Johnson claim as to those convictions. As Magistrate Judge Baker explained in the February 1, 2018, Report and Recommendation, under 28 U.S.C. § 2255(h), this Court only has jurisdiction to hear Crews' second Section 2255 Motion if he raises "newly discovery evidence" or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court." Dkt. No. 115, pp. 21, 23-24.

Before the Eleventh Circuit and this Court, Crews has contended that he can satisfy Section 2255(h), because he raises a claim based on Johnson. Johnson's invalidation of the ACCA's residual clause indeed announced a new rule of constitutional law made retroactive to cases on collateral review. However, in his first Objection, Crews does not rely upon Johnson to challenge the use of his Florida conviction as an ACCA predicate. Rather, he cites Esprit.

In Esprit, the Eleventh Circuit held that a conviction under Florida's burglary statute could not constitute "burglary"

under the ACCA's enumerated crimes provision. 841 F.3d 1238-41. In reaching this conclusion, the Eleventh Circuit did not rely upon Johnson's invalidation of the residual clause. Rather, the Court based its decisions on Mathis v. United States, ___ U.S. ___, 136 S. Ct. 2243 (June 23, 2016), and Descamps v. United States, 570 U.S. 254, 257 (2013). Id. Unlike Johnson, Mathis and Descamps did not announce a new rule of constitutional law made retroactive to cases on collateral review. See In re Hires, 825 F.3d 1297, 1303 (11th Cir. 2016) ("Descamps does not qualify as a new rule of constitutional law for § 2255(h)(2) purposes, and, thus, Descamps cannot serve as a basis, independent or otherwise, for authorizing a second or successive § 2255 motion.") (citing In re Thomas, 823 F.3d 1345, 1349 (11th Cir. May 25, 2016)); In re Hernandez, 857 F.3d 1162, 1164 (11th Cir. 2017) (In Mathis, the Supreme Court merely "provided guidance to courts in interpreting an existing criminal statute" and did not announce a new rule of constitutional law.). Thus, the cases underpinning Crews' first Objection do not satisfy the jurisdictional threshold of Section 2255(h).

Consequently, even if Crews' Florida conviction was necessary for his ACCA designation (which again, it is not, given his numerous convictions under Georgia law), he could not pursue his Esprit arguments through this second Section 2255 Motion. The Eleventh Circuit recently addressed such a scenario

in Perez v. United States, No. 16-17751, 2018 WL 1750555, at *1
(11th Cir. Apr. 12, 2018).  There, the defendant's ACCA status
rested on his ten prior convictions for burglary under Florida
law.  Much like Crews, the defendant sought—and was granted—
permission from the Eleventh Circuit to file a second Section
2255 challenge based on Johnson.  Perez, 2018 WL 1750555, at *1.
However, the district court found that the defendant could not
proceed under Section 2255(h), because he had failed to
establish that the sentencing court relied upon the ACCA's
residual clause.  Id. at *2.  The district court further
concluded that it was of no moment that the defendant's Florida
burglary convictions no longer qualified as violent felonies, in
light of Descamps and Mathis, because "those cases could not be
the basis for a second or successive § 2255 motion, and the
Johnson inquiry was limited to determining the original basis
for the ACCA enhancement."  Id.

The defendant appealed, and the Eleventh Circuit affirmed
the district court's decision.  Id. at *3-6.  The Eleventh
Circuit "recognize[d] that Perez's sentence is unconstitutional"
in light of Esprit's holding that prior convictions under
Florida's burglary statute are not violent felonies under the
ACCA.  Id. at *5.  Nonetheless, the defendant could not obtain
relief from that sentence through his second Section 2255
motion.  Id.  The Court explained that the Supreme Court's

decisions in Descamps and Mathis, "as well as ours applying them, including . . . Esprit . . . and Mays[ v. United States, 817 F.3d 728, 733 (11th Cir. 2016)], are not relevant to the key inquiry for Johnson claims: whether, as a matter of historical fact, the movant 'was sentenced as an armed career criminal under the residual clause.'" Id. (quoting Beeman v. United States, 871 F.3d 1215, 1224 n.5, 1225 (11th Cir. 2017)). As the Eleventh Circuit explained, "That is a 'Descamps claim.' And movants cannot independently rely on Descamps (or Mathis) in a second or successive § 2255 motion." Id. (citing Beeman, 871 F.3d at 1220; In re Hires, 825 F.3d at 1303; Mays, 817 F.3d at 734).

Similarly, Crews' first Objection is irrelevant "to the key inquiry for Johnson claims: whether, as a matter of historical fact, the movant was sentenced as an armed career criminal under the residual clause." Id. On that inquiry, the record is clear that the Court relied upon the enumerated crimes provision of the ACCA and not the residual clause. Therefore, the Esprit claims Crews makes in his first Objection are not Johnson claims, and he cannot assert them through Section 2255(h).[2]

For all of the above-stated reasons, the Court **OVERRULES** Crews' first Objection.

---

[2] Furthermore, even if Crews could attack this Court's use of his Florida conviction as an ACCA predicate, he has more than ample burglary convictions under Georgia law to support his ACCA designation.

## II. Crews' Second Objection

Crews next objects to the conclusion that the Court relied upon the ACCA's enumerated offense of burglary rather than the residual clause at his sentencing. Dkt. No. 121, p. 3. In his Report and Recommendation, Magistrate Judge Baker laid out in detail the direct and circumstantial evidence supporting this conclusion. Dkt. No. 115, pp. 25-33. This record evidence included the Probation Officer's statement in the Addendum to the PSI (which the Court later adopted at the sentencing hearing) that "the offense of 'burglary' is **specifically enumerated** as a 'violent felony' for the purposes of sentencing as an armed career criminal." Addendum to PSI, pp. 4-5 (emphasis supplied). Additionally, as Magistrate Judge Baker explained, the remainder of the PSI, Crews' objections thereto, the Court's and counsel's statements at the sentencing hearing, Crews' direct appeal, and Crews' first Section 2255 motion all reveal that his ACCA designation rested on the ACCA's enumeration of burglary and not the residual clause. See Dkt. No. 115, pp. 25-33.

Rather than address this mountain of evidence in any way, Crews merely points to a statement from the Eleventh Circuit's Order granting his Section 2255(h) application. The Eleventh Circuit stated, "[T]he sentencing court never expressly made a finding that the convictions qualified under the enumerated

crimes clause. Thus, although the record *suggests* that the
sentencing court based Crews' ACCA enhancement on the enumerated
crimes clause, rather than the residual clause, it does not
'make[] undeniably clear that' this was so." Dkt. No. 105, p. 5
(italics and brackets in original).

Crews places too much weight on the Eleventh Circuit's
statement.[3]  The Eleventh Circuit's Section 2255(h) certification
is only a "threshold determination." In re Moore, 830 F.3d
1268, 1270-71 (11th Cir. 2016). This Court must make an
independent determination of whether Crews meets Section
2255(h)'s requirements and "'decide every aspect of the case
'fresh, or in the legal vernacular, *de novo*.'" In re Chance,
831 F.3d 1335, 1338 (11th Cir. 2016) (quoting Jordan v. Sec'y,
Dep't of Corr., 485 F.3d 1351, 1358 (11th Cir. 2007)). This
gatekeeping role recognizes that this Court is in the best
position to make the 2255(h) assessment. Jordan, 485 F.3d at

---

[3]  Crews also places too much emphasis on the fact that the Court did
not use the term "enumerated crimes clause" at his sentencing. As
Magistrate Judge Baker noted, this term is not frequently used by
courts. Dkt. No. 115, pp. 29-30, n.10. The phrase "enumerated crimes
clause" has apparently never been used by the Supreme Court in a
published opinion. The phrase was first used by a federal court in a
published opinion after Crews was sentenced and has not been used by
the Eleventh Circuit in seminal cases interpreting the definition of
burglary under the ACCA. Id. Likewise, courts only recently began to
use the phrase "enumerated-offenses clause" with any regularity. The
Eleventh Circuit apparently first used this phrase in a published
opinion after Crews' sentencing hearing. See United States v. Weeks,
711 F.3d 1255, 1262 (11th Cir. 2013). It appears the Supreme Court
used the phrase "enumerated-offenses clause" for the first time very
recently and in a dissenting opinion. See Sessions v. Dimaya, No. 15-
1498, 2018 WL 1800371, at *46 (U.S. Apr. 17, 2018) (Thomas, J.
dissenting).

1358. As the Magistrate Judge noted, this case exemplifies these advantages, as this Court has the benefit of submissions from both sides and has access to all of the evidence surrounding Crews' sentencing, including all of the PSI documents. Dkt. No. 115, p. 25 n.7. Having conducted a *de novo* review of that more complete record from its superior vantage point, the Court concurs with the Magistrate Judge. Specifically, the Court finds that it relied upon the enumeration of burglary in the ACCA when sentencing Crews and did not rely, in any way, on the Act's residual clause.

For all of these reasons, the Court **OVERRULES** Crews' second Objection.

### III. Crews' Third Objection

Thirdly, Crews objects to Magistrate Judge Baker's placing the burden on Crews to establish that this Court relied upon the residual clause at his sentencing hearing. Dkt. No. 121, p. 3. Crews argues that Eleventh Circuit case law requires the Court grant him relief if a "reasonable possibility" exists that he was sentenced under the ACCA's residual clause. Id. (citing Leonard v. United States, No. 16-22612-CIV, 2016 WL 4576040, at *1 (S.D. Fla. Aug. 22, 2016)).[4] This argument contradicts

---

[4] Crews also refers to a case titled Dawson and attaches one page from this opinion. Dkt. No. 121, p. 3; Dkt. No. 121-4. However, he does not provide a citation for this opinion or state what court issued the opinion. Dawson is not a published opinion of the Supreme Court or the Eleventh Circuit.

binding authority post-dating the unpublished authority upon which Crews relies. In its published opinion in Beeman, the Eleventh Circuit made clear that a Section 2255 movant bears the burden of proof on a Johnson claim. 871 F.3d at 1221-22, 1225. Specifically, the movant must establish that the sentencing court "more likely than not" "relied solely on the residual clause, as opposed to also or solely relying on either the enumerated offenses clause or elements clause (neither of which were called into question by Johnson) to qualify a prior conviction as a violent felony." Id. at 1221.[5] Where the record is unclear, the movant cannot obtain Johnson relief. Id. at 1224-25. Put another way, Crews does not meet his burden under Johnson by showing that it is "merely possible that the court relied on [the residual clause] to enhance the sentence." Id. at 1221.[6]

For all of these reasons, the Court **OVERRULES** Crews' third Objection.

---

[5] If the Section 2255 movant makes this showing, he must also prove that "there were not at least three other prior convictions that could have qualified under either [the enumerated offenses clause or elements clause] as a violent felony, or as a serious drug offense." Beeman, 871 F.3d at 1221. Thus, even if Crews could show that the Court relied upon the residual clause as to any of his prior convictions, he could still not make a valid Johnson claim, because he obtained at least three Georgia burglary convictions that qualify as "burglaries" under the ACCA's enumeration of that crime.

[6] Moreover, even if Crews had correctly stated the standard of proof, based on the entire record in this case, no "reasonable possibility" exists that the court relied upon the residual clause, as opposed to the enumerated crime of burglary, when sentencing Crews.

## IV. Crews' Fourth Objection

In his fourth Objection, Crews takes issue with the statement that "'there is not even a smidgen of suggestion anywhere in the record of Crews's sentencing, his direct appeal, or his first § 2255 motion that his prior convictions for burglary were considered ACCA 'violent felonies' under the 'residual clause' portion of that definition now invalidated by <u>Johnson</u>.'" Dkt. No. 121, p. 4. Though Crews attributes this statement to the Magistrate Judge, it was actually the Government that made this contention. <u>See</u> Dkt. No. 115, p. 19 (quoting Dkt. No. 110, p. 9.)

Regardless, the record does not contain any evidence that the Court relied upon the residual clause when sentencing Crews. At no point before, during, or after Crews' sentencing proceedings did the Court, the Government, Crews, or his counsel cite to, refer to, or even allude to the residual clause. The record contains no discussion of whether Crews' convictions "otherwise involve conduct that presents a serious potential risk of physical injury to another."

In his Objections, Crews does not point to any place in the record where the Court, the Probation Officer, or counsel referred to the residual clause or discussed the residual clause in any way. Rather, Crews argues that "Judge Wood referred to his burglary convictions as 'non-generic burglaries' at the

sentencing hearing [and] therefore must have relied on the residual clause." Dkt. No. 121, p. 4. However, Crews continues to confound a "non-generic burglary <u>conviction</u>" with a "non-generic burglary <u>statute</u>." As the Magistrate Judge stated when rejecting this same argument:

> Crews misstates, or at least misunderstands, the record. Judge Wood referred to Georgia's burglary statute, not Crews' convictions, as "non-generic." (Doc. 49, p. 23 ("In looking at the <u>Shepard</u> documents, walk me through which ones qualify under **Georgia's non-generic burglary statute** as predicate offenses for armed career criminal purposes.") (emphasis supplied).) This is a critical distinction that Crews seems to miss. As laid out above, a burglary statute can be non-generic, but, if the statute is divisible, a court may still use the modified categorical approach to determine whether the defendant's conviction under the statute is generic. Judge Wood did just that in this case.

Dkt. No. 115, p. 29 n.9. At sentencing, the Court conducted an inquiry to determine that, though Crews was charged under a non-generic burglary statute, that statute was divisible, and his convictions met the definition of generic burglary. In other words, the Court confirmed that, though the statute Crews was convicted under was non-generic, Crews' convictions were generic. Tellingly, this is an inquiry only relevant to the enumerated crime provision of the ACCA, and this analysis is irrelevant to the residual clause. Thus, the discussion Crews emphasizes actually confirms that the Court relied upon the

enumerated-crimes provision and not the residual clause at his sentencing hearing.

Likewise, Crews' citation to counsel's arguments at sentencing further reveals that his prior convictions were analyzed under the enumerated-crimes provision. Crews' counsel, like the Court, only used the term "non-generic" to describe Georgia's burglary statute and not Crews' burglary convictions. Dkt. No. 49, pp. 15, 17. Counsel for the Government cited the Supreme Court's seminal opinion interpreting the ACCA's enumeration of burglary, Taylor v. United States, 495 U.S. 575, 599 (1990), and explained why Crews' convictions "precisely fall within" the definition of generic burglary established by the Supreme Court. Id. at pp. 20-22. The only time Crews' burglary convictions themselves were arguably referred to as non-generic was the Probation Officer's statement that he "believe[s] that the non-generic burglaries in this case that the Defendant acknowledges he committed qualifies as predicate offenses of—." Id. at p. 23. However, as the Magistrate Judge noted, this misstatement (which appears to have been a slip of the tongue) was incomplete, was not relied upon by the Court, and is overwhelmingly contradicted by the other statements of the Probation Officer in this case. See Dkt. No. 115, p. 29 n.9.

Again, while the Court recognized at sentencing that Georgia's burglary statute is non-generic, it confirmed that

Crews' prior burglary convictions are generic. Thus, the Court **OVERRULES** Crews' fourth Objection.

## V.   Crews' Fifth and Sixth Objections[7]

Through his Motion to Amend, Crews sought to argue that, following Mathis, his convictions under Georgia's burglary statute cannot satisfy the enumerated-crimes provision of the ACCA. Dkt. No. 112. In essence, he argued that the statute can

---

[7] Crews seeks reconsideration of the Magistrate Judge's Order denying his Motion to Amend in his fifth and sixth Objections. Under Federal Rule of Civil Procedure 72(a), "[a] party may serve and file objections to [a magistrate judge's] order within 14 days after being served with a copy. . . . The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); see also 28 U.S.C. § 636(b)(1)(A) (reciting same "clearly erroneous or contrary to law" standard). District courts apply the clearly erroneous standard to findings of fact by the magistrate judge and the contrary to law standard to legal conclusions. Both standards are "exceedingly deferential." Pate v. Winn-Dixie Stores, Inc., No. CV 216-166, 2014 WL 5460629, at *1 (S.D. Ga. Oct. 27, 2014) (internal citations omitted). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing [body] on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Concrete Pipe & Prods. of Cal., Inc. v. Constr. Laborers Pension Tr. for S. Cal., 508 U.S. 602, 622 (1993)(citing United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948)). A finding is contrary to law "where it either fails to follow or misapplies the applicable law." Jackson v. Deen, No. CV412-139, 2013 WL 3991793, at *2 (S.D. Ga. Aug. 2, 2013) (citations omitted). Under this standard, the Court discerns no reason to modify or set aside any part of the Magistrate Judge's Order denying the Motion to Amend. The Magistrate Judge applied the appropriate legal standard in denying Crews leave to amend. The Court sees no error in that analysis, much less clear error, and does not find the Magistrate Judge's ruling to be contrary to law. Furthermore, in an abundance of caution, because the Magistrate Judge's denial of the Motion to Amend includes a finding of futility, the Court has reviewed the Magistrate Judge's ruling under a de novo standard of review without any deference to his findings of facts or conclusions of law. Having reviewed the entire record and Crews' arguments afresh, the Court finds that Crews' Motion to Amend should be denied for the reasons stated by the Magistrate Judge and as supplemented herein.

no longer be considered divisible, and, thus, the Court cannot use the modified categorical approach to determine whether his conviction under the statute satisfied the elements of "generic burglary." Id. The Magistrate Judge denied Crews' Motion to Amend for several reasons. Dkt. No. 115, pp. 20–23. In his fifth and sixth Objections, Crews contests the first of these reasons—that his Motion to Amend is time-barred under Federal Rule of Civil Procedure 15(a) and 28 U.S.C. § 2255(f). Dkt. No. 121, pp. 5-7.

In his fifth Objection, Crews argues that he raised his Mathis claim on September 21, 2016, in his "Rebuttal/Traverse to Government's Response." Id. at p. 5 (citing Dkt. No. 111.) In that pleading, Crews stated:

> Having stated such, even using the current ruling in the Supreme Court case of Mathis v. United States, 136 S.Ct. at 2250, 2251, n1, Petitioners prior State of Georgia's Burglaries under Statute § 16-7-1 are not "crimes of violence" under the guidelines, or the statute of Title 18 U.S.C. § 924(e) which the petitioner was convicted.

Dkt. No. 111, p. 4. As an initial matter, Crews never raised this argument in his Motion to Amend or in his Reply Brief in support of the same. See Dkt. Nos. 112, 114. Furthermore, the brief, cryptic citation to Mathis in Crews' Response Brief was not sufficient to place the Government or the Court on notice that Crews intended to amend his Section 2255 Motion to assert a claim based on Mathis. At no point in his Response did Crews

clearly argue that, after _Mathis_, his Georgia burglary convictions could not be considered burglaries under the enumerated-crimes provision of the ACCA. _Id._ Rather, Crews continued to press his _Johnson_ claim that the Court sentenced him under the invalidated residual clause. _Id._

In his sixth Objection, Crews argues that he was not able to timely bring his Motion to Amend because he was in a special housing unit from November 8, 2016, until May 31, 2017. Dkt. No. 121, p. 6. However, _Mathis_ was decided on June 23, 2016. In the more than four months between June 23, 2016, and November 8, 2016, Crews filed his Section 2255 Motion, dkt. no. 106, his supporting Memorandum of Law, dkt. no. 106-1, his Motion to Appoint Counsel, dkt. no. 107, and his Rebuttal/Traverse, dkt. no. 111. In these pleadings, Crews cited to numerous authorities and the record of his underlying proceedings. Thus, Crews clearly had adequate access to his legal materials to assert his _Mathis_ claims in the months following the Supreme Court's decision.

Moreover, as the Magistrate Judge correctly concluded, even if Crews' _Mathis_ claims are not time-barred, they are barred by Section 2255(h). Dkt. No. 115, p. 22. The Eleventh Circuit provisionally granted Crews leave under Section 2255(h) to assert _Johnson_ claims. As explained in Section I above, he cannot use that provisional grant to assert non-_Johnson_ claims

AO 72A
(Rev. 8/82)

that do not meet the requirements of Section 2255(h). <u>Beeman</u>, 871 F.3d at 1220. Again, unlike <u>Johnson</u>, <u>Mathis</u> did not announce a new rule of constitutional law made retroactive to cases on collateral review. <u>In re Hernandez</u>, 857 F.3d at 1164. Thus, even if <u>Mathis</u> rendered Crews' ACCA sentence unconstitutional, Crews cannot assert that claim in this second Section 2255 Motion. <u>Perez</u>, 2018 WL 1750555, at *5.

Finally, the Court agrees with the Magistrate Judge's conclusion that, even if Crews' <u>Mathis</u> claim was not time-barred and barred by Section 2255(h), it is futile. Dkt. No. 115, pp. 22–23 (citing <u>United States v. Gundy</u>, 842 F.3d 1156, 1166–69 (11th Cir. 2016)). In <u>Gundy</u>, the Eleventh Circuit rejected claims nearly identical to Crews' <u>Mathis</u> claims. The Court held that, even after <u>Mathis</u>, convictions under Georgia's burglary statute may serve as predicate offenses under the ACCA, because the Georgia burglary statute is divisible and includes the elements of generic burglary. <u>Gundy</u>, 842 F.3d at 1169. In his Objections, Crews entirely fails to address <u>Gundy</u> and the Magistrate Judge's futility finding. The Eleventh Circuit has repeatedly recognized the binding effect of <u>Gundy</u> and denied claims like those Crews attempts to make here. <u>Baxley v. United States</u>, 714 F. App'x 985, 986 (11th Cir. 2018); <u>Pruteanu v. U.S. Attorney Gen.</u>, 713 F. App'x 945, 948 (11th Cir. 2017); <u>United States v. Brundidge</u>, 708 F. App'x 608, 611 (11th Cir. 2017),

*cert. denied*, 138 S. Ct. 1173 (2018); <u>United States v. Pearsey</u>, 701 F. App'x 773, 775 (11th Cir. 2017), *cert. denied*, 138 S. Ct. 697 (2018);; <u>United States v. Heard</u>, 677 F. App'x 636 (11th Cir. 2017), *cert. denied*, 137 S. Ct. 2109 (2017); <u>Clemons v. United States</u>, No. 17-10972-K, 2017 WL 3923741, at *1 (11th Cir. May 10, 2017), *cert. denied*, 138 S. Ct. 259 (2017); <u>Gatson v. United States</u>, No. 16-14940-C, 2017 WL 3224851, at *2 (11th Cir. Feb. 1, 2017), *cert. denied*, 138 S. Ct. 432 (2017). Consequently, even if Crews had been allowed to amend his Section 2255 Motion to assert claims challenging the use of his Georgia burglary convictions as ACCA predicates, the Court would deny those claims on the merits.

For all of these reasons, the Court concurs with the Magistrate Judge's denial of Crews' Motion to Amend, **DENIES** Crews' request to reconsider that ruling, and **OVERRULES** Crews' fifth and sixth Objections.

## CONCLUSION

For the reasons set forth above, the Court **OVERRULES** Crews' Objections, dkt. no. 121, and **ADOPTS** the Magistrate Judge's Report and Recommendation, dkt. no. 115, as the opinion of the Court. The Court **DISMISSES** Crews' second 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct his Sentence, dkt. no. 106, for lack of jurisdiction, because his claims do not satisfy the requirements of 28 U.S.C. § 2255(h). Alternatively, the

Court **DENIES** Crews' Motion on the merits.  The Court **DIRECTS** the Clerk of Court to **CLOSE** this case and to enter the appropriate judgment of dismissal.  The Court **DENIES** Crews *in forma pauperis* status on appeal and **DENIES** him a Certificate of Appealability.

    **SO ORDERED**, this \_\_\_11\_\_\_ day of \_\_\_May_____, 2018.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA